## Case No. 5,933.

### HALL v. HAYNER et al.

[3 Chi. Leg. News (1871), 402.]

Circuit Court, W. D. Wisconsin.

BANKRUPTCY—PREFERENTIAL MORTGAGE.

[It seems that a mortgage executed by the bankrupt more than four months before the filing of the petition in bankruptcy cannot be set aside at the suit of the assignee, on the ground that it operates as a preference.]

[This was a bill in equity by Hall, as assignee of Leonard Lakin, against Andrew P. Hayner and others, to set aside a mortgage executed by the bankrupt, upon the ground that it was given in violation of the bankrupt act.]

Finches, Lynde & Miller, for complainant.
Cassoday & Merrill, for defendants.

HOPKINS, District Judge. This is a bill in equity filed by the complainant, as assignee in bankruptcy of the estate of Leonard Lakin, to set aside a mortgage executed by the bankrupt on the 27th day of August, 1869, to Andrew P. Hayner, to secure the payment of an existing debt for the sum of $3,276, on the ground that the bankrupt was insolvent when he gave it, and that it was executed to him with a view of giving the mortgagee a preference over his other creditors, and that the mortgagee had reasonable cause to believe that the bankrupt was insolvent when he gave it, and that it was given in fraud of the provisions of the bankrupt act [of 1867 (14 Stat. 517)]. It was further alleged in the bill that it was given without consideration, and with a view to defraud the creditors of the bankrupt. Testimony to a large amount was taken in the case upon the issue joined in these propositions.

The petition in the bankruptcy proceedings was filed on the 8th day of January, 1870, and on the hearing the defendants' counsel raised the objection that, as the proceedings in bankruptcy were not commenced until after four months from the execution and delivery of the mortgage, it could not be set aside or invalidated as contrary to the provisions of that act. That in order to avoid a preference as contrary to the provisions of that act, it was necessary that the proceedings in bankruptcy should be commenced within four months, after the giving of the preference, otherwise it could not be questioned. On that point he cited sections 14, 35, of the bankrupt act; In re

Hunt [Case No. 6,881]; Potter v. Coggswell [Id. 11,322]; Babbit v. Walbrum [Id. 694]; Bean v. Brookmire [Id. 1,168]; Maurer v. Frantz [8 Phila. 505].

The counsel for the complainant, after hearing the argument of the defendants' counsel and the authorities presented by him in support of it, stated to the court that he thought the point well taken, and declined to argue the case, as that to him seemed fatal, thereby, as I understood him, yielding the case on that point, and as he was satisfied that he was not entitled to the relief, I do not deem it necessary for me to do more than to accept that as the law in the case; and as there was no evidence to warrant a decree on the ground that the mortgage was given without consideration, or to defraud the creditors of the bankrupt, I direct that the bill be dismissed, with costs to be paid by the complainant out of the estate of the bankrupt in his hands.